LUCY CULBRETH v. J. J. MARTIN, DOING BUSINESS UNDER THE FIRM NAME OF CHARLOTTE TRANSFER COMPANY, AND SOUTHERN RAILWAY COMPANY, AND WALKER D. HINES, DIRECTOR GENERAL OF RAILROADS.

(Filed 2 June, 1920.)

Railroads— Baggage— Negligence—Commerce—Damages—Federal Statutes.

The limitation of recovery for the loss of baggage in interstate carriage of the passenger, by a regulation to that effect, duly filed and approved by the Interstate Commerce Commission is expressly reserved from the operation of the amendment to the Federal Statute, 9 August, 1916, ch. 301, 39 St. L., and where a verdict has been rendered in a sum in excess of one hundred dollars, it may be set aside and a judgment for the one hundred dollars entered, *non obstante veridicto*.

CIVIL ACTION, tried before *Ray, J.*, at November Term, 1919, of MACON, upon the following issues:

"1. Did the plaintiff deliver the trunk described in the complaint to the baggage agent of the defendant, Director General, at Charlotte, for the purpose of having same transported as baggage from Charlotte, N. C., to Cornelia, Georgia? Answer: 'Yes.'

"2. Did the defendant, Director General, negligently fail to transport and deliver said trunk? Answer: 'Yes.'

"3. What damage, if any, has plaintiff sustained by reason of the defendant's failure to transport and deliver said trunk? Answer: '$700.' "

The following is taken from the brief of the counsel for the plaintiff: "Upon the coming in of the verdict the plaintiff tendered judgment for $700 and costs. No tender of any kind has been made by the defendants up to that time. The defendant then tendered judgment for $100 and the costs, and this judgment was signed by the court *non obstanti veredicto,* he being of the opinion that as a matter of law that the defendant could not recover exceeding $100 on account of the stipulation in the baggage tariff. The plaintiff excepted to the judgment as signed."

The plaintiff appealed to the Supreme Court.

It appears in the record that the judgment signed by the judge was for $700, but that this was a mistake, and that the judgment should have been signed for $100 is admitted in this Court by counsel for plaintiff in their brief.

*T. J. Johnston and Jones & Jones for plaintiff.*
*J. Frank Ray and Martin, Rollins & Wright for defendant.*

BROWN, J. It is admitted that there is a limitation of liability to $100, but the plaintiff contends that under the act of Congress of 4 March, 1915, known as the Cummings Amendment, the plaintiff is entitled to recover the full amount of damages of $700. It appears that this statute was amended on 9 August, 1916, ch. 301, 39 Statute L, 441, as follows: "Provided, however, that the provisions hereof respecting liability for full actual loss, damage, or injury, notwithstanding any limitation of liability or recovery or representation, or agreement, or a lease as to value, and declaring any such limitation to be unlawful and void, shall not apply, first, to baggage carried on passenger trains or boats or trains, or boats carrying passengers," etc., and in said amendment it is provided that the carrier might limit its liability by filing schedules with the Interstate Commerce Commission, as was done in this case.

We agree with the judge below that the act of Congress of 4 March, 1915, as amended, expressly exempts baggage from its provisions, requiring the payment of full actual damage in case of loss of baggage. The limitation of liability of one hundred dollars contained in the tariff filed with Interstate Commerce Commission and duly approved by the Director General, in effect at the time of the loss of the baggage, governs this case and restricts the plaintiff's recovery to $100.

The judgment of the Superior Court for $100 is
Affirmed.